UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL HOTARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1877** |
| **AVONDALE INDUSTRIES, INC. ET AL.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Pending before the Court is Plaintiff Paul Hotard's ("Plaintiff") "Emergency Motion to Remand."[1] In this litigation, Plaintiff alleges that he suffered exposure to injurious levels of asbestos and asbestos-containing products designed, manufactured, sold and/or supplied by several defendant companies while employed by Avondale Industries, Inc. ("Avondale").[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies Plaintiff's motion to remand.

## I. Background

### A.   *Factual Background*

Plaintiff alleges that he "work[ed] for Avondale Shipyards at its Main Yard during the mid 1960s."[3] Plaintiff contends that during that time he handled asbestos and asbestos-containing products in various locations and work sites, resulting in Plaintiff inhaling asbestos fibers and

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 1-2 at 2.

[3] *Id.*

1

later developing diffuse malignant pleural mesothelioma.[4] Plaintiff avers that prior to and during the time he was employed by Avondale, Defendants McCarty Corporation ("McCarty"), Taylor-Seidenbach, Inc. ("Taylor-Seidenbach"), and Eagle, Inc. ("Eagle") "designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold [the] asbestos-containing products" to which Plaintiff was exposed.[5] Plaintiff alleges that he was exposed to asbestos-containing products because Avondale and its executive officers "fail[ed] to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust."[6] Plaintiff brings Louisiana state law claims for negligence against the "manufacturing and contractor defendants" and against "Avondale Industries, Inc. . . . and its executive officers."[7]

B.   *Procedural Background*

Plaintiff filed a "Petition for Damages" ("Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana, on June 29, 2020.[8] The Petition was captioned "*Paul Hotard versus Avondale Industries, Inc., f/k/a/ Northrop Grumman Ship Systems, Inc., n/k/a Huntington Ingalls Incorporated, et al.*" [9] However, in paragraph two of the Petition, Plaintiff names only McCarty, Taylor-Seidenbach, and Eagle as defendants.[10]

Avondale removed the case to this Court on July 2, 2020, asserting diversity jurisdiction

---

[4] *Id.* at 3. Plaintiff was diagnosed with mesothelioma in April 2020. *Id.*

[5] *Id.* at 2.

[6] *Id.* at 5

[7] *Id.* at 3–8.

[8] *Id.* at 1.

[9] *Id.*

[10] *Id.*

2

pursuant to 28 U.S.C. § 1332.[11] On the same day, Avondale filed "Avondale's Answer, Affirmative Defenses, Cross-Claims, and Request for Jury Trial."[12] On July 6, 2020, Plaintiff filed the instant "Emergency Motion to Remand."[13] On July 21, 2020, Avondale filed an opposition to the motion to remand.[14]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of the Motion to Remand*

Plaintiff does not contest that the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met.[15] Rather, Plaintiff argues the case should be remanded because Avondale is not a party to this litigation and therefore improperly removed this case to federal court.[16] In support of Plaintiff's assertion that Avondale is not a party to this litigation, Plaintiff cites paragraph two of the Petition, which designates McCarty, Taylor-Seidenbach, and Eagle as manufacturing and contract defendants.[17] Plaintiff contends that because Avondale does not appear in paragraph two of the Petition, it was not named as a defendant.[18] Plaintiff also notes

---

[11] Rec. Doc. 1 at 2. In the Notice of Removal, Avondale contends that subject matter jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Id*. Avondale alleges that the complete diversity requirement is satisfied because Plaintiff is a citizen of Kentucky, Avondale is a citizen of Virginia, and the remaining defendants are citizens of Louisiana, Pennsylvania, Texas, and Alabama. *Id*. at 4–5. Avondale further contends that the amount in controversy exceeds $75,000 because Plaintiff alleges that he contracted terminal cancer from the alleged asbestos exposure and does not limit the damages sought in the Petition. *Id*. at 3–4.

[12] Rec. Doc. 2.

[13] Rec. Doc. 5.

[14] Rec. Doc. 31.

[15] *See* Rec. Doc. 5-1.

[16] *Id.* at 1–2.

[17] *Id.* at 2.

[18] *Id.*

3

that he requested service on McCarty, Taylor-Seidenbach, and Eagle, but did not request service on Avondale.[19] Accordingly, Plaintiff argues that Avondale is not a defendant and did not have the requisite authority to remove this case to federal court.[20]

B.      *Avondale's Arguments in Opposition to the Motion to Remand*

In opposition, Avondale argues that the motion to remand should be denied because Avondale was named as a defendant in the Petition filed by Plaintiff in state court.[21] Avondale asserts that the requirements for federal subject matter jurisdiction under 28 U.S.C. § 1332 are met.[22] Furthermore, Avondale notes that none of the forum defendants were served at the time of removal, and therefore, the forum-defendant rule does not bar removal.[23] Avondale asserts that to avoid so-called "snap" removals, plaintiffs often initiate a lawsuit against only the forum defendants, serve them, and then amend the lawsuit to add additional non-forum defendants.[24] Avondale presumes that this was Plaintiff's plan in this case.[25] However, Avondale asserts that Plaintiff clearly named Avondale in the state court petition.[26] Therefore, Avondale urges that removal to federal court was proper.[27]

Avondale relies on the Louisiana Code of Civil Procedure and local pleading standards to

---

[19] *Id.*

[20] *Id.*

[21] Rec. Doc. 31 at 2.

[22] *Id.* at 4.

[23] *Id.* at 1–2.

[24] *Id.* at 1.

[25] *Id.*

[26] *Id.* at 1–2.

[27] *Id.* at 8–9.

argue that Plaintiff named Avondale as a defendant in the state court action.[28] First, Avondale argues that Louisiana Code of Civil Procedure article 853 requires a petition to include a caption that contains the name of the first party.[29] Avondale contends that because it was named as the defendant in Plaintiff's caption, it is a party to the litigation.[30]

Second, Avondale contends that numerous references to Avondale as a defendant appear throughout the Petition, both in the caption and elsewhere.[31] For example, Avondale references paragraphs twenty to twenty-four of the Petition, which begin with the heading "Negligence Action against Avondale Industries, Inc. f/k/a/ Northrop Grumman Ship Systems, Inc. n/k/a Huntington Ingalls Incorporated and its executive officers."[32] Avondale avers that this section of the Petition ascribes numerous allegations of fault to Avondale.[33]

Third, Avondale argues that under local pleading standards, the absence of reference to Avondale in paragraph two of the Petition does not preclude Avondale from the present litigation.[34] Rather, Avondale contends that the references to Avondale appearing elsewhere in the Petition suffice to designate Avondale as a defendant.[35] Accordingly, Avondale asserts that the Petition identified Avondale as a party to the state court litigation and removal was proper.[36]

---

[28] *Id.* at 5.

[29] *Id.*

[30] *Id.*

[31] *Id.* at 2–3.

[32] *Id.* at 3.

[33] *Id.* at 6.

[34] *Id.* at 6–7.

[35] *Id.* at 7.

[36] *Id.* at 8.

### III. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute, which is not to be expanded by judicial decree."[37] A defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[38] Remand to state court is appropriate if the federal court lacks subject matter jurisdiction.[39] A federal court has subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[40]

"When removal is based on diversity of citizenship, diversity must exist at the time of removal."[41] The removing party bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence.[42] Moreover, the removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand."[43]

Pursuant to 28 U.S.C. § 1441, an action that is otherwise removable based solely on diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[44] This limitation is often

---

[37] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[38] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[39] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[40] 28 U.S.C. § 1332(a)(1).

[41] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (1998 ed.)).

[42] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[43] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal citation omitted); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[44] 28 U.S.C. § 1441(b)(2).

referred to as the "forum defendant rule."[45] A violation of the forum defendant rule renders removal procedurally defective.[46] Nevertheless, "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."[47] This practice, commonly called "snap removal," has been sanctioned by the United States Court of Appeals for the Fifth Circuit.[48]

Service of process on the removing defendant is not a prerequisite for removal.[49] However, only a defendant or defendants may remove a civil state court action to federal district court.[50]

### IV. Analysis

Plaintiff asserts that this case should be remanded to state court because the removing party, Avondale, was not identified as a defendant in the Petition.[51] Avondale counters that under Louisiana's system of pleading, it was named as a defendant in the state court Petition and the action was properly removed.[52]

Plaintiff does not dispute that the Court has original subject matter jurisdiction over this matter under 28 U.S.C. § 1332.[53] Additionally, Plaintiff does not argue that the removal violated

---

[45] *See In re 1994 Exxon Fire Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

[46] *Id*. at 392–94.

[47] *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020).

[48] *Id.*

[49] 28 U.S.C. § 1446(b); *Delgado v. Shell Oil Co.*, 231 F.3d 165 (5th Cir. 2000).

[50] 28 U.S.C. § 1441(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

[51] Rec. Doc. 5-1 at 2.

[52] Rec. Doc. 31 at 2.

[53] *See* Rec. Doc. 5-1.

the forum-defendant rule because Avondale removed the case before the forum defendants were served.[54] Therefore, the sole issue before the Court is whether Avondale was named as a defendant in the Petition and therefore, was authorized by 28 U.S.C. § 1332(a)(1) to remove the action to federal court. To answer this question, the Court must examine the pleading requirements under Louisiana law.

Under Louisiana's system of fact pleading, the plaintiff must file a petition setting forth the factual allegations comprising the subject matter of the litigation and identifying the defendants.[55] No technical forms of pleadings are required under Louisiana law.[56] However, Louisiana Code of Civil Procedure article 891 establishes certain requirements for a valid petition.[57] To comply with article 891, the petition must set forth the name, surname, and domicile of the parties.[58] Additionally, the petition must contain a short, clear, and concise statement of all causes of action arising out of, and the material facts of, the transaction or occurrence that is the subject matter of the litigation.[59] Article 853, incorporated by reference into article 891, specifies that the petition must also contain a caption setting forth the title of the action.[60] The caption must state the name of the first party on each side with an appropriate indication of other parties.[61]

---

[54] *See id*. *See also* Rec. Doc. 31 at 1–2.

[55] La. Code Civ. Proc. art. 891; *Wheat v. Nievar*, 2007-0680 (La. App. 1 Cir. 2/8/08); 984 So. 2d 773, 776. ("Louisiana is a fact pleading state that values substance over form and does not require the use of magic titles or terminology as a threshold requirement for validly pleading an action.")

[56] La. Code Civ. Proc. art. 854.

[57] La. Code Civ. Proc. art. 891.

[58] *Id.*

[59] *Id.*

[60] La. Code Civ. Proc. art. 853.

[61] *Id.*

When determining the meaning of a pleading, including the petition, courts are instructed to look to its substance to do substantial justice to the parties.[62] Additionally, courts are instructed to construe articles of the Louisiana Code of Civil Procedure liberally and with regard to the fact that forms of procedure implement the substantive law and are not an end in themselves.[63]

Here, the Petition filed by Plaintiff in state court named Avondale as a defendant. First, the caption indicates that Plaintiff intended to bring suit against Avondale. Louisiana Code of Civil Procedure article 853 instructs plaintiffs to set forth a caption naming the first party on each side.[64] The caption appearing at the top of the first page of the Petition reads: "*Paul Hotard versus Avondale Industries, Inc., f/k/a Northrop Grumman Ship Systems, Inc., n/k/a Huntington Ingalls Incorporated, et al.*"[65] Avondale is *the only* defendant named by Plaintiff in the caption in the state court action, demonstrating Plaintiff's intent to name Avondale as a defendant.

Second, the substance of the Petition undermines Plaintiff's contention that paragraph two of the Petition offers an exhaustive list of defendants named in this matter. Although paragraph two specifically names McCarty, Taylor Seidenbach, and Eagle as defendants,[66] numerous references to additional defendants appear elsewhere in the Petition. For example, in paragraph four of the Petition, Plaintiff identifies "*Defendant* Lamorak" and states that Lamorak Insurance Company is "directly sued herein pursuant to the provisions of Title 22, Section 655 of the

---

[62] La. Code Civ. Proc. art 854; *Reynolds v. Brown*, 11-525 (La. App. 5 Cir. 12/28/11); 84 So. 3d 655, 658–59.

[63] *Teachers' Ret. Sys. of La. v. La. State Emps.' Ret. Sys.*, 456 So. 2d 594, 596 (La. 1984).

[64] La. Code Civ. Proc. art 853.

[65] Rec. Doc. 1-2 at 1.

[66] *Id.*

9

Louisiana Revised Statutes."[67] Additionally, in paragraph three of the Petition, Plaintiff states that "Orleans Parish is a proper venue . . . because this action is brought in a parish of proper venue as to the *Defendants*, deceased Executive Officers Henry "Zac" Carter, James Bull, Hettie Margaret Dawes-Eaves and Edwin Hartzman . . . ."[68] Because references to other defendants appear elsewhere in the petition, the Court finds that paragraph two of the Petition does not set forth an exhaustive list of defendants.

Third, Plaintiff asserts a negligence cause of action against Avondale in the Petition. The heading reads, "Negligence Action Against Avondale Industries, Inc. f/k/a/ Northrop Grumman Ship Systems, Inc. n/k/a/ Huntington Ingalls Incorporated, and its Executive Officers."[69] Paragraphs twenty to twenty-four of the Petition describe the cause of action and unequivocally implicate Avondale as a defendant.[70] These paragraphs contain numerous allegations against Avondale, including but not limited to the following:

- "Petitioner hereby alleges that AVONDALE INDUSTRIES, INC. . . . and its Executive Officers . . . are liable for injuries, as alleged arising out of the negligent conduct of AVONDALE INDUSTRIES, INC. . . . in failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust."[71]
- "As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos from Avondale, Petitioner has received injuries . . . ."[72]
- "AVONDALE INDUSTRIES, INC. . . . consciously and intentionally chose not to inform Petitioner Paul Hotard of [its alleged knowledge of asbestos] or implement any meaningful safety precautions, all of which was a substantial

---

[67] *Id.* at 2 (emphasis added).

[68] *Id*. at 1 (emphasis added). The named individuals were executive officers of Avondale; their names appear in bold in paragraph twenty of the Petition, where Plaintiff alleges that they "are liable for injuries, as alleged, arising out of the negligent conduct of AVONDALE INDUSTRIES, INC. . . . ." *Id*. at 5.

[69] *Id.* at 5.

[70] *Id.* at 5–7.

[71] *Id.* at 5.

[72] *Id.*

>contributing cause of Petitioner's injuries and likely future death."[73]
- "Avondale and its Executive Officers are liable for the misuse of asbestos . . . ."[74]

Moreover, paragraph twenty-two of the Petition lists nineteen duties which Avondale and its executive officers allegedly failed to properly discharge.[75] In the following paragraph, Plaintiff states that "[t]he above-described negligence, fault, and willful misconduct of *these defendants* were a proximate cause of the Petitioner's injuries."[76]

The requirements set forth in article 891 of the Louisiana Code of Civil Procedure serve to apprise the defendant of the causes of action claimed by the plaintiff.[77] The manifold allegations implicating allegedly negligent conduct by Avondale in the Petition provided Avondale with notice that it was being sued by Plaintiff. Accordingly, Avondale filed an Answer to the allegations contained in the Petition—along with its defenses, cross-claims, and demand for a jury trial—on the same day as it filed its Notice of Removal.[78]

The Court looks to the substance of the Petition to ascertain its meaning and do substantial justice to the parties.[79] In this case, both the form of the Petition and the substantive allegations contained therein demonstrate that Plaintiff designated Avondale a defendant in this matter.

Although Avondale was not served with process at the time of removal, service of process

---

[73] *Id.* at 7–8.

[74] *Id.* at 8.

[75] *Id.* at 6–7.

[76] *Id.* at 7 (emphasis added).

[77] *Bach v. Bd. of River Port Pilot Comm'rs*, 15-765 (La. App. 5 Cir. 5/12/16); 193 So. 3d 355, 366.

[78] Rec. Doc. 2.

[79] La. Code Civ. Proc. art 854; *Reynolds*, 84 So. 3d at 658–59.

is not a prerequisite to removal.[80] 28 U.S.C. § 1446(b) provides for removal of a civil action or proceeding within thirty days after receipt by the defendant, "through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which is or has become removable."[81] The Fifth Circuit has interpreted this removal statute to require that an action be commenced against a defendant prior to removal, but not to require the defendant to have been served with process prior to removal.[82] For the reasons explained above, the Petition filed by Plaintiff commenced an action against Avondale. As a result, the fact that Avondale was not served with process does not render removal improper.

---

[80] 28 U.S.C. § 1446(b); *Delgado v. Shell Oil Co.*, 231 F.3d 165 (5th Cir. 2000).

[81] 28 U.S.C. § 1446(b).

[82] *Id.*

## V. Conclusion

Considering the foregoing reasons, Avondale was named as a defendant in the Petition Plaintiff filed in state court. Therefore, Avondale properly removed the case to this Court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Emergency Motion to Remand"[83] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 28th day of August, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[83] Rec. Doc. 5.