UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL HOTARD | CIVIL ACTION |
| VERSUS | CASE NO. 20-1877 |
| AVONDALE INDUSTRIES, INC. ET AL. | SECTION: "G"(1) |

## ORDER AND REASONS

In this litigation, Plaintiff Paul Hotard ("Plaintiff") alleges that he suffered exposure to injurious levels of asbestos and asbestos-containing products designed, manufactured, sold and/or supplied by several defendant companies while employed by Avondale Industries, Inc. ("Avondale").[1] Pending before the Court is the "Motion to Enforce Stay and Notice of Liquidation and Statutory Stay" filed by Defendant Lamorak Insurance Company ("Lamorak").[2] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court stays and administratively closes the instant action and sets a status conference for September 29, 2021.

## I. Background

Plaintiff filed a "Petition for Damages" (the "Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana, on June 29, 2020.[3] Avondale removed the case to this Court

---

[1] Rec. Doc. 1-2 at 2.

[2] Rec. Doc. 196.

[3] Rec. Doc. 1-2 at 1.

1

on July 2, 2020, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4] Plaintiff alleges that he "work[ed] for Avondale Shipyards at its Main Yard during the mid 1960s."[5] Plaintiff contends that during that time he handled asbestos and asbestos-containing products in various locations and work sites, resulting in Plaintiff inhaling asbestos fibers and later developing diffuse malignant pleural mesothelioma.[6] Plaintiff alleges that he was diagnosed with mesothelioma in or around April 2020.[7] Plaintiff brings Louisiana state law negligence and strict liability tort claims against Avondale.[8] Plaintiff also brings claims against Lamorak as alleged insurers of Avondale executive officers pursuant to the Louisiana Direct Action Statute.[9]

On May 5, 2021, Lamorak filed the instant "Motion to Enforce Stay and Notice of Liquidation and Statutory Stay."[10] Plaintiff filed an opposition to the instant motion on May 25, 2021.[11] On May 28, 2021, with leave of Court, Lamorak filed a reply memorandum in further support of the instant motion.[12] On June 2, 2021, with leave of Court, Avondale, Defendant ViacomCBS Inc. ("Viacom"), and Defendant General Electric Company ("General Electric") filed

---

[4] Rec. Doc. 1.

[5] Rec. Doc. 1-2 at 2.

[6] *Id.* at 3.

[7] *Id.*

[8] *See* Rec. Doc. 60.

[9] *Id.* at 9. Plaintiff cites La. Rev. Stat. § 22:655, the previous citation for the Louisiana Direct Action Statute prior to the 2011 amendment. *See* La. Rev. Stat. § 22:1269.

[10] Rec. Doc. 196.

[11] Rec. Doc. 200.

[12] Rec. Doc. 205.

reply memoranda to Plaintiff's opposition to the instant motion.[13]

## II. Parties' Arguments

*A.     Lamorak's Arguments in Support of the Motion to Stay*

Lamorak moves the Court to stay all proceedings in the instant matter due to Lamorak being declared insolvent and placed into liquidation by the Commonwealth Court of Pennsylvania on March 11, 2021.[14] Lamorak also seeks to continue the November 1, 2021 trial date.[15] Lamorak raises three arguments in support of this motion.

First, Lamorak asserts that it has been declared insolvent and placed into liquidation.[16] Specifically, Lamorak avers that Bedivere Insurance Company ("Bedivere"), a foreign insurance company that includes by merger Lamorak, was declared insolvent and placed into liquidation on March 11, 2021 by Judge Brobson in the Commonwealth Court of Pennsylvania.[17] Lamorak points to the Liquidation Order issued by the Commonwealth Court of Pennsylvania, which states:

> All above-enumerated actions currently pending against Bedivere in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed; relief sought in these actions shall be pursued by filing a proof of claim against the estate of Bedivere pursuant to Section 538 of Article V, 40 P.S. § 221.38.[18]

Lamorak urges the Court enforce the permanent stay of claims against Lamorak instituted by the

---

[13] Rec. Docs. 207, 209.

[14] Rec. Doc. 196.

[15] Rec. Doc. 196-2 at 11.

[16] *Id.* at 1.

[17] *Id.*

[18] *Id.* at 2.

3

Commonwealth Court of Pennsylvania.[19]

Second, Lamorak argues that under Louisiana Revised Statute § 22:2068 ("La. R.S. 22:2068"), claims against Lamorak and any party Lamorak is obligated to defend are subject to an automatic statutory stay of claims.[20] Lamorak contends that it is an "insolvent insurer" under the terms of Louisiana Revised Statute § 22:2055(7), the Louisiana Insurance Guaranty Association Law.[21] Therefore, Lamorak asserts that the Louisiana Insurance Guaranty Association ("LIGA") "has all rights, duties and obligations of the insolvent insurer, herein Bedivere Insurance Company/Lamorak, as if the insurer had not become insolvent, including the obligation to defend the insured(s)."[22] Lamorak claims that as an insolvent insurer, La. R.S. 22:2068 mandates an automatic statutory six month stay of claims against Lamorak and any party it is obliged to defend, including defendants Eagle, Inc. ("Eagle") and McCarty Corporation ("McCarty").[23]

Third, and finally, Lamorak argues that this Court "has inherent authority to stay proceedings to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[24] Lamorak contends that a "stay of all proceedings is justified under the court's inherent authority."[25]

---

[19] *Id.*

[20] *Id.*

[21] *Id.* at 3.

[22] *Id.*

[23] *Id.* at 2–7.

[24] *Id.* at 6 (internal quotation marks omitted).

[25] *Id.* at 7.

B.   *Plaintiff's Arguments in Opposition to the Motion to Stay*

Plaintiff does not dispute that a stay of the claims pending against Lamorak is appropriate in light of the Pennsylvania order.[26] Rather, Plaintiff argues that the Court should deny Lamorak's motion to stay "as to all defendants save Lamorak itself" because La. R.S. 22:2068 is a state procedural law and does not apply in federal court pursuant to the *Erie* doctrine.[27] Plaintiff also contends that it would not be prudent to stay this case because "[b]ringing Plaintiff's case to a screeching halt would not further the interests of justice" and "Lamorak cannot be liable unless its [i]nsureds are liable, and they already have representation in this matter separate from Lamorak."[28] According to Plaintiff, a separate trial against Lamorak will be necessary only if Plaintiff is unable to collect a judgment from its insureds and Lamorak is unwilling to pay on their behalf.

In the alternative, Plaintiff moves "to dismiss Lamorak and the [i]nsureds without prejudice, to sever all cross-claims to which the [i]nsureds are parties, and to therefore dismiss Lamorak's Motion to Stay as moot."[29] Plaintiff avers that Lamorak and its insureds, as solidary tortfeasors, are not indispensable parties to the instant litigation.[30]

C.   *Lamorak's Arguments in Further Support of the Motion to Stay*

In reply, Lamorak urges the Court to enforce the automatic statutory stay of claims against parties for whom Lamorak was providing a defense under La. R.S. 22:2068.[31] Lamorak contends

---

[26] Rec. Doc. 200 at 2.

[27] *Id.* at 3–5.

[28] *Id.* at 4.

[29] *Id.* at 4–5.

[30] *Id.* at 5.

[31] Rec. Doc. 205 at 1.

5

that "[t]he Louisiana statute is not merely a procedural stay as an attempt to control a federal court's docket. Rather, the six months stay provided by the statute provides substantive rights to insureds who are adversely affected by the insolvency of their insurer."[32] Specifically, according to Lamorak, the stay prevents claims from proceeding against insureds who "will be prejudiced by not having insurance to pay for the defense of the suit" and "provides the time necessary for [LIGA] to evaluate its obligations and provide access to the insolvent insurer's records to determine whether it will assume defense and indemnity in a case."[33] Lamorak points out that it was providing a defense to Eagle prior to its insolvency and there is "no one currently paying for the defense of Eagle," which Lamorak contends will prejudice Eagle if the case against it proceeds.[34]

### D. *Avondale's Arguments in Opposition to Severance*

Avondale contends that Plaintiff's request for severance of all cross-claims to which Lamorak or its insureds are parties is "procedurally improper" under Federal Rule of Civil Procedure 7(b) because it was not properly raised by motion but instead asserted in Plaintiff's opposition brief.[35] Avondale further contends that it would be prejudiced by the proposed severance because it has asserted crossclaims and third-party demands against other parties in this case.[36] Avondale also argues that "conducting two trials would result in a tremendous waste of

---

[32] *Id.* at 1–2.

[33] *Id.* at 2.

[34] *Id.*

[35] Rec. Doc. 209 at 2–3.

[36] *Id.* at 3–4.

resources."[37] According to Avondale, a brief stay of this litigation is the "best course of action" to "preserve the status quo and allow for a single trial in this matter."[38]

### E. *Viacom and General Electric's Arguments in Opposition to Severance*

Viacom and General Electric also argue that Plaintiff's request for severance is procedurally improper.[39] Viacom and General Electric contend that severance is not justified in this matter because Plaintiff's claims against Lamorak, Lamorak's insureds, and the other defendants all arise from the same transaction or occurrence and involve common questions of law and fact.[40] Viacom and General Electric also argue that severing the claims against Lamorak and its insureds will not promote judicial economy and will cause undue prejudice to defendants.[41] Finally, Viacom and General Electric note that the case against Lamorak and its insureds involves the same witnesses and evidence as the case against several other defendants.[42]

## III. Legal Standards

### A. *Legal Standard for a Motion to Stay*

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[43]

---

[37] *Id.* at 4.

[38] *Id.* at 5.

[39] Rec. Doc. 207 at 2.

[40] *Id.* at 2–4.

[41] *Id.* at 4–6.

[42] *Id.* at 6.

[43] 299 U.S. 248, 254 (1936).

The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[44] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[45] Furthermore, a district court may exercise this discretionary power *sua sponte*.[46]

B.      *Legal Standard for Severance*

    1.      **Legal Standard Under Rule 21**

Motions to sever are generally governed by Federal Rule of Civil Procedure 21, which provides that "any claim against a party may be severed and proceeded with separately."[47] This Court has "broad discretion to sever issues to be tried before it."[48] Accordingly, a court's decision to sever a claim will be reviewed for abuse of discretion.[49] Although courts have looked to Rule 20 for guidance in the absence of any standards in Rule 21,[50] courts may sever claims even where the requirements of Rule 20(a) for permissive joinder have been satisfied.[51] To determine whether a claim should be severed, a court may consider the following factors: (1) whether the claim arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice

---

[44] *Id.* at 254–55.

[45] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[46] *See Begum v. Miner*, 213 F.3d 639, at *1 n.1 (2000) (unpublished) (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir.1999)) ("We have held that the district court may *sua sponte* stay a suit as a form of abstention.").

[47] Fed. R. Civ. P. 21.

[48] *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 504 (5th Cir. 1994).

[49] *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010) (citing *Jolley v. Welch*, 904 F.2d 988, 994 (5th Cir. 1990)).

[50] *Id.* at 521.

[51] *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983).

would be averted by severance; and (5) whether different witnesses and documentary proof are required for separate claims.[52] It is notable that the first two factors track the "two-prong test" created by Rule 20, which permits joinder of plaintiffs when "(1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and when (2) there is at least one common question of law or fact linking all claims."[53] Therefore, application of these five factors accounts for whether joinder was appropriate, but it also allows for the exercise of judicial discretion in instances where joinder was permissible but severance is warranted.

### 2. Legal Standard Under Rule 42(b)

Federal Rule of Civil Procedure 42 gives a district court discretion, "[f]or convenience, to avoid prejudice, or to expedite and economize, . . . [to] order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[54] The Fifth Circuit has explained that:

> The procedure authorized by Rule 42(b) should be distinguished from severance under Rule 21. Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately, this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of separate trial and severance interchangeably.[55]

Some district courts in the Fifth Circuit apply the same considerations to Rule 21 requests

---

[52] *Vaz v. Allstate Prop. & Cas. Co.*, No. 06-481, 2006 WL 2583733, at *1 (S.D. Miss. Sept. 6, 2006) (citing *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (S.D.N.Y. 1999));  *Corkern v. Hammond City*, No. 11-1828, 2012 WL 2597561, at *2 (E.D. La. July 5, 2012) (citing *Kreger v. General Steel Corp.*, No. 07-575, 2011 WL 1594839, at *2 (E.D. La. Apr. 25, 2011)).

[53] *Acevedo*, 600 F.3d at 521 (citations omitted). Even when the test for joinder is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay. *Id.* (citing *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995)).

[54] Fed. R. Civ. P. 42(b).

[55] *McDaniel v. Anheuser–Busch, Inc.*, 987 F.2d 298, 304 n.19 (5th Cir.1993) (quoting 9 Wright & Miller, Federal Practice and Procedure: Civil § 2387 (1971)).

9

for severance and Rule 42(b) requests for separate trials.[56] However, other district courts in the Fifth Circuit find that "[t]he standards for separate trials and severance differ, and although both consider prejudice to the parties to be a key factor . . . the application of Rule 42(b) involves primarily the consideration of convenience and fairness, [while] that of Rule 21 also presupposes basic conditions of separability in law and logic."[57]

## IV. Analysis

Lamorak moves the Court to stay all proceedings in the instant matter due to Lamorak being declared insolvent and placed into liquidation by the Commonwealth Court of Pennsylvania on March 11, 2021.[58] Lamorak also seeks to continue the November 1, 2021 trial date.[59] Plaintiff opposes Lamorak's motion to stay "as to all defendants save Lamorak itself."[60] In the alternative, Plaintiff moves "to dismiss Lamorak and the [i]nsureds without prejudice, to sever all cross-claims to which the [i]nsureds are parties, and to therefore dismiss Lamorak's Motion to Stay as moot."[61] Avondale, Viacom, and General Electric oppose Plaintiff's alternative request for severance.[62]

The Court first addresses Lamorak's request for a stay of proceedings and then turns to the

---

[56] *Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating & Air Conditioning, Inc.*, No. 07-8446, 2009 WL 382713, at *5 (E.D. La. Feb. 11, 2009) (Barbier, J.); *see also Abrams v. Integrated Pro Servs., LLC*, 07-8426, 2015 WL 7458604, at *2 (E.D. La. Nov. 24, 2015) (Lemelle, J.) ("As the concepts of convenience and fairness fall under the prejudice umbrella and are not inapposite to the concept of separability, this Court finds no need to apply different standards.").

[57] *Id.* (quoting *David v. M & E Food Mart, Inc.*, 1995 WL 55306, *1 (E.D. Tex. Jan. 31, 1995)).

[58] Rec. Doc. 196.

[59] Rec. Doc. 310-2 at 7.

[60] Rec. Doc. 200 at 5.

[61] *Id.* at 4–5.

[62] Rec. Docs. 207, 209.

issue of whether the claims involving Lamorak and its insureds should be severed from the claims pending against other defendants in this litigation.

## A. *Lamorak's Motion to Stay*

Lamorak urges this Court to (1) enforce the permanent stay of claims against it initiated by the Commonwealth Court of Pennsylvania; (2) enforce the automatic statutory six-month stay of claims against it and any party it is obligated to defend as set forth by La. R.S. 22:2068; and (3) use its inherent authority to stay proceedings for judicial economy and allow LIGA time to determine its obligations in this matter.[63] In opposition, Plaintiff contends that La. R.S. 22:2068 is procedural rather than substantive and therefore does not apply to the instant federal proceedings.[64] Plaintiff also argues that it would not be prudent to stay this case because separate trials will result in minimal "duplication of effort," Lamorak's insureds "already have representation in this matter," and "[b]ringing Plaintiff's case to a screeching halt would not further the interests of justice."[65]

As this Court recently observed in a similar case,[66] Fifth Circuit precedent holds that "insolvent insurers are subject to the comprehensive oversight of state administrative agencies and courts" and "[f]ederal law consigns to the states the primary responsibility for regulating the

---

[63] Rec. Doc. 196-2. La. Rev. Stat. 22:2068(A) provides: "All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action."

[64] Rec. Doc. 200 at 2–4.

[65] *Id.* at 4.

[66] *Gooding v. Liberty Mut. Ins.*, No. 20-1133, 2021 WL 2002463, at *1 (E.D. La. May 19, 2021) (Brown, C.J.).

insurance industry."⁶⁷ Accordingly, the Fifth Circuit, in *Clark v. Fitzgibbons*, held that "allowing a creditor or claimant to proceed against an insolvent insurer in federal court while a state insolvency proceeding is pending would usurp [the state's] control over the liquidation proceeding by allowing [the claimant] to preempt others in the distribution of [the insurance company's] assets."⁶⁸ The Fifth Circuit, relying on the Full Faith and Credit Clause of the United States Constitution, explained that "a federal court judgment against [an Arizona insolvent insurer] inevitably would destabilize Arizona's efforts to manage [the] insolvency."⁶⁹

Similarly, in *Anshutz v. J. Ray McDermott Co.*, an insurer was placed under a "Final Order of Liquidation" by the Circuit Court of Cook County, Illinois while an appeal against it was pending in federal court.⁷⁰ The Fifth Circuit stayed the appeal, holding that "[a]n orderly liquidation requires that this Court not interfere with the order of the Circuit Court of Cook County" and explaining that "[r]ecognition by this Court of the effectuation of the liquidation of this insurance company by the State of Illinois is in accordance with federal policy which directs that the control over the insurance business remain in the hands of the states."⁷¹ Accordingly, in light of Fifth Circuit precedent admonishing courts to avoid interfering with state administrative processes involving insolvent insurers and the Court's broad discretion to stay proceedings, the Court will stay the claims pending against Lamorak.⁷²

---

⁶⁷ *Clark v. Fitzgibbons*, 105 F.3d 1049, 1051 (5th Cir. 1997) (citing the McCarran–Ferguson Act).

⁶⁸ *Id.* (internal citation and quotation omitted).

⁶⁹ *Id.* at 1053.

⁷⁰ *Anshutz v. J. Ray McDermott Co.*, 642 F.2d 94, 95 (5th Cir. 1981).

⁷¹ *Id.*

⁷² *See Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2021 WL 2018073 (E.D. La. May 20, 2021) (Vance, J.) (staying an action in which Lamorak is a defendant in light of the Commonwealth Court of Pennsylvania's

The Court will also exercise its inherent authority to stay this matter as to all other defendants. There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[73] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[74] When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings.[75] In determining whether to grant a stay, courts consider the following factors as set out in *Landis v. North American Co.*: (1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."[76] Applying the *Landis* factors here, the Court finds a stay is warranted.

Under the first factor, as noted above, because Lamorak, the moving party, was declared insolvent in liquidation proceedings, "a stay is required so as not to interfere with its orderly liquidation."[77] Moreover, Lamorak is obliged to defend the Eagle, Inc., and McCarty Corporation. Staying claims against Lamorak but proceeding against Lamorak's insureds would be highly

---

Liquidation Order and finding that "a stay is required so as not to interfere with [Lamorak's] orderly liquidation."); *Olin Corp. v. Lamorak Ins. Co.*, No. 84-CV-1968 (JSR), 2021 WL 982426 (S.D.N.Y. Mar. 15, 2021) (staying an action in which Lamorak is a defendant in light of the Commonwealth Court of Pennsylvania's Liquidation Order in part under the "principles of comity.").

[73] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[74] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[75] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also*, *Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[76] *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2021 WL 2018073, at *4 (E.D. La. May 20, 2021) (Vance, J.) (quoting *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014)) (internal quotation marks omitted).

[77] *Id.*

prejudicial to such insured parties. Furthermore, "absent a stay, LIGA would not have sufficient time to investigate the claims against Lamorak, now that LIGA stands in Lamorak's shoes as to those claims."[78] Given that the Court should "take into account the hardships these litigants and LIGA would experience were litigation to proceed before LIGA had the opportunity to prepare a defense" in weighing a stay,[79] the Court finds that the first *Landis* factor favors a stay.

Under the second *Landis* factor, Plaintiff argues that a stay would be prejudicial because it would bring "discovery and motion practice in the matter . . . to a halt."[80] However, even considering the potential prejudice to Plaintiff under the second *Landis* factor, the third *Landis* factor weighs in favor of granting a stay. Proceeding with this case against parties other than Lamorak would frustrate judicial economy. Plaintiffs' claims against the non-Lamorak parties in this action all arise from the same transaction or occurrence, namely Plaintiff's alleged asbestos exposure while working for Avondale in the 1960s. Consequently, all claims involve common questions of fact and law. A stay against only Lamorak would result in litigation "proceed[ing] in a haphazard and inefficient manner."[81] Accordingly, considering the three *Landis* factors, the Court finds that a stay against all parties is necessary.

## B. *Plaintiff's Request to Sever Claims Involving Lamorak*

In the alternative, Plaintiff requests that this Court "dismiss Lamorak and the [i]nsureds without prejudice, to sever all cross-claims to which the [i]nsureds are parties, and to therefore

---

[78] *Id.*

[79] *Id.*

[80] Rec. Doc. 200 at 1.

[81] *Id.*

14

dismiss Lamorak's Motion to Stay as moot"[82] effectively seeks a severance of claims involving Lamorak and its insureds from the remaining claims in this action. In support of this request, Plaintiff avers that Lamorak and its insureds, as solidary tortfeasors, are not indispensable parties to the instant litigation.[83] In opposition, Avondale, Viacom, and General Electric contend that (1) Plaintiff's request is procedurally improper; and (2) severance of the claims involving Lamorak and its insureds is not appropriate under Rule 21.[84]

Under the overlapping standards applicable to Rule 21 and Rule 42(b), the Court finds that severance is inappropriate in this case. First, severing the claims against only Lamorak without severing the claims against its insureds would be highly prejudicial to Lamorak's insureds who have tendered their defenses to Lamorak.

Second, severing the claims against Lamorak and its insureds while proceeding to trial against the remaining defendants in this action would result in the risk of inconsistent jury verdicts. Additionally, as noted by the Avondale Interests, Plaintiff's claims in this action arise from the same transaction or occurrence, namely Plaintiff's alleged asbestos exposure while working for Avondale in the 1960s. Consequently, all claims involve common questions of fact and law, meaning that separate trials would likely frustrate judicial economy. In addition, under the Louisiana law applicable to the survival claims raised in this case, damages are allocated among defendants according to virile share principles.[85] Severing claims against certain defendants would

---

[82] Rec. Doc. 200 at 4–5.

[83] *Id.* at 5.

[84] Rec. Docs. 207, 209.

[85] *See Cole v. Celotex Corp.*, 599 So. 2d 1058 (La. 1992).

therefore frustrate the parties' ability to resolve this case as a whole and may result in undue prejudice to both Plaintiff and Defendants, who would have to bear the increased costs of litigating this case twice. Accordingly, the Court declines to sever the claims involving Lamorak and its insureds from the claims against the remaining defendants in this litigation.

Finally, Lamorak requests a continuance of the November 1, 2021 trial date in this matter. Rather than continuing the trial date at this time, the Court will schedule a status conference for September 29, 2021 to discuss the status of the case.

### V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the "Motion to Enforce Stay and Notice of Liquidation and Statutory Stay"[86] filed by Defendant Lamorak Insurance Company is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED**.

**IT IS FURTHER ORDERED** that a status conference is set for September 29, 2021 at 4:00 PM.

**NEW ORLEANS, LOUISIANA**, this <u>15th</u> day of July, 2021.

                    **NANNETTE JOLIVETTE BROWN**
                    **CHIEF JUDGE**
                    **UNITED STATES DISTRICT COURT**

---

[86] Rec. Doc. 196.