UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOTARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1877** |
| **AVONDALE INDUSTRIES, INC. ET AL** | **SECTION "L"** |

## ORDER AND REASONS

Before the Court is a motion by Defendants SeaRiver Maritime Inc. ("SeaRiver") and

Exxon Mobil Corporation ("Exxon") to reconsider and/or reurge for leave to file a third-party

demand against Huntington Ingalls Incorporated ("Avondale"), Hopeman Brothers, Inc.

("Hopeman"), and Liberty Mutual Insurance Company. R. Doc. 469. The parties filed this

motion on July 28, 2023. Avondale opposes the motion. R. Doc. 475.

I.      BACKGROUND

        a.  Summary of the Case

This litigation arises from Decedent Paul Hotard's alleged exposure to injurious levels of

asbestos and asbestos-containing products designed, manufactured, sold and/or supplied by

several Defendant companies while employed by Avondale. R. Doc. 1-2 at 2. Mr. Hotard worked

at Avondale's shipyard from 1969–1970 as a tack welder. R. Doc. 166-2 at 1; R. Doc. 181-1 at 1.

According to the complaint, during that time, he inhaled asbestos fibers while handling asbestos

and asbestos-containing products at various work sites, causing him to develop diffuse malignant

pleural mesothelioma. R. Doc. 1-2 at 3. Mr. Hotard allegedly was diagnosed with mesothelioma

in or around April 2020. R. Doc. 166-2 at 2; R. Doc. 181-1 at 2. His alleged occupational

exposure to asbestos-containing products at Avondale was a result of a failure by the company

1

and its executive officers "to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust." R. Doc. 166-2 at 5.

Decedent, a citizen of Kentucky, brought Louisiana state law negligence and strict liability tort claims against Avondale in Orleans Parish Civil District Court. R. Doc. 1-2. Mr. Hotard's state court petition also included claims against Lamorak Insurance Company ("Lamorak") and Certain Underwriters at Lloyd's, London and London Market Insurers (collectively, the "London Market Insurers") as liability insurers of Avondale's executive officers pursuant to the Louisiana Direct Action Statute. *Id.*

Avondale removed the case to this District on the basis of diversity jurisdiction. The matter was originally assigned to Chief Judge Brown. The Chief Judge held a scheduling conference on October 27, 2020, and issued a scheduling order that set trial for November 1, 2021, and a November 27, 2020 deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims. R. Doc 126 at 3. On May 5, 2021, Lamorak filed a motion to stay the case because Bedivere Insurance Company, which includes Lamorak by merger, was declared insolvent and placed into liquidation. R. Doc. 196-2 at 11. Chief Judge Brown granted the motion and stayed the case. On or about September 21, 2021, Paul Hotard, the decedent, died allegedly as a result of malignant mesothelioma. R. Doc. 233. His widow, Patricia Hotard, filed an amended complaint as the independent administratrix of decedent's estate. *Id.* The stay was lifted on October 1, 2021. The same day, Chief Judge Brown issued an amended scheduling order, setting trial for April 25, 2022 and extending the deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims to October 29, 2021. R. Doc. 241 at 2.

Hopeman and Liberty entered a settlement with Plaintiffs on April 8, 2021. R. Doc. 191. Avondale and Lamorak filed a motion for summary judgment, in which the London Market

Insurers joined. On January 26, 2022, Chief Judge Brown granted the motion, holding that "the 'date of disease manifestation' theory of accrual governs Plaintiff's claim, rendering the post-1972 version of the [Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.*] applicable to this case. The Court also found that the LHWCA preempts Plaintiff's state law tort claims." R. Doc. 271 at 35. Accordingly, the Court dismissed with prejudice Plaintiff's state law tort claims against Avondale, Lamorak, and the London Market Insurers. *Id.* at 36.

On February 15, 2022, Chief Judge Brown recused herself. R. Doc. 304. The matter was reallotted to this Section on February 16, 2022. R. Docs. 304-06. On September 30, 2022, this Court held a status conference and reset trial to February 23, 2023. R. Doc. 421. The Court then issued a scheduling order, which included updated deadlines for pre-trial disclosures and motions but did not disturb the prior deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims. R. Doc. 422.

On January 6, 2023, trial dates for the matter were continued pending the Fifth Circuit's opinion in *Barrosse v. Huntington Ingalls, Inc.*, 70 F.4th 315 (5th Cir. 2023), which was decided on June 12, 2023. Accordingly, the Court issued an order that Defendants file or amend any third-party complaint by July 28, 2023. R. Doc. 463. A month later, the Court issued a scheduling order, which included a new trial date, and reset trial to February 20, 2024. R. Doc. 480.

On September 15, 2023, the Court heard oral argument the instant motion. R. Doc. 491.

### b.  Effect of Barrosse v. Huntington Ingalls, Inc., 70 F.4th 315 (2023).

On November 22, 2021, in a case substantively similar to the present case, Judge Vitter held that state-law negligence claims against Avondale were preempted by the Longshore and

Harbor Workers' Compensation Act (LHWCA) "because they directly conflicted with and frustrated the purposes of the Act." *Id.* at 317. Thus, the Court granted Avondale's motion for summary judgment in favor of Avondale. *Barrosse v. Huntington Ingalls, Inc.*, 20-2042, 2021 WL 5447447 at *3 (E.D. La. Nov. 22, 2021). Plaintiff Ronald Barrosse, who was diagnosed with mesothelioma, appealed this decision. On June 12, 2023, the Fifth Circuit reversed the district court's decision and held that the plaintiff's claims were not preempted by the LHWCA because his injury occurred prior to the Louisiana's 1975 worker's compensation statute. *Barrosse*, 70 F.4th at 324. Accordingly, and similar to the case at hand, Avondale once again became a defendant in the case.

## II.     PRESENT MOTION

In their timely Motion to Reconsider and/or Reurged Motion for Leave, R. Doc. 469, Defendants SeaRiver Maritime, Inc. and Exxon Mobil Corporation ("SeaRiver") ask this Court to reconsider its ruling on Defendants' previous motion for leave to file cross-claims and third-party demands, R. Doc. 431. SeaRiver seeks leave to file their cross-claim against Defendant Avondale and third-party demand against Hopeman, and Liberty Mutual Insurance Company as insurer of Hopeman. SeaRiver argues that their motion should be granted because this Court's July 18, 2023 Order, R. Doc. 463, set a new deadline of July 28, 2023 for parties to file third-party demands. SeaRiver also indicates that there is no trial date currently set in this matter.[1] Further, as a result of the Fifth Circuit's decision in *Barrosse*, Avondale is once again a defendant in the case and has circulated proposed cross-claims against SeaRiver. R. Doc. 469. Lastly, SeaRiver argues that the interests of judicial efficiency permit the Court to allow the Defendant the opportunity to file its cross-claims and third-party demand. *Id.*

---

1 Trial dates have since been scheduled. Trial is set to take place on February 20, 2024.

In opposition, Avondale argues that the Court previously denied SeaRiver's motion on the basis of untimeliness and that the *Barrosse* decision did not affect SeaRiver's cross-claims and third party demands. R. Doc. 475. Avondale contends that SeaRiver is "attempting to exploit" the Court's July 28th deadline by moving for reconsideration and/or reurging their motion for leave in order to re-assert the very same untimely filed cross-claims and third-party demands for contractual indemnity." *Id.*

On September 15, 2023, the parties orally argued their respective positions before the Court. Avondale brought to the Court's attention that an arbitration clause governs disputes between Avondale and SeaRiver. At the conclusion of the hearing, the Court ordered the parties to file supplemental briefing on the arbitration clause. R. Doc. 491.

In their Supplemental Memorandum, SeaRiver alleges that Avondale waived its right to arbitrate SeaRiver's contractual indemnity claims because of its "profound preference for litigating this case." R. Doc. 494 at 3. SeaRiver argues that Avondale has previously filed cross-claims against SeaRiver and did not invoke the arbitration clause. *Id*. at 3-4. Additionally, SeaRiver argues that in its first motion for leave to file a third-party demand, Avondale asserted that the motion should be denied for untimeliness and never raised the arbitration clause. *Id.* at 4. SeaRiver further argues that Avondale virile share claims are not distinguishable from SeaRiver's contractual indemnity claim. *Id*. at 8. SeaRiver also argues that Avondale has not abided by the notice requirement of the arbitration clause. *Id*. at 9. Lastly, SeaRiver argues that it is in the interest of judicial efficiency to litigate, rather than arbitrate, SeaRiver's claims. *Id*. at 5.

In opposition, Avondale argues that the arbitration clause governs the contractual disputes between SeaRiver and Avondale. R. Doc. 495 at 3. Further, Avondale argues that it has not waived the right to invoke the arbitration clause in conjunction to SeaRiver's contractual

indemnity claim because the claim "has never been formally brought in this litigation." *Id.* at 5. Accordingly, Avondale prays that the Court deny SeaRiver's motion. *Id.* at 6.

## III.   APPLICABLE LAW

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to challenge a judgment or order under Rule 54(b), 59(e), or 60(b). *Holmes v. Reddoch*, 19-12749, 2022 WL 16712872 at *2 (E.D.La. Nov. 4, 2022). While Rules 59 and 60 apply to final judgments only, "if a party seeks reconsideration of an order that adjudicates fewer than all the claims among all the parties prior to entry of final judgment, then Rule 54(b) controls."[2] *Id.* Rule 54 provides that district courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, 659 F.2d 551, 552 (5th Cir. 1981). Additionally, the Fifth Circuit has held that "[o]rders granting or denying motions to add new parties to a pending suit are interlocutory." *Id.* at 553. Under such a standard, district courts can be "more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017). Though this standard is lower than the threshold used for reconsideration of judgments under Rule 59, courts still "look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Records, Inc.*, 19-12130, 2020 WL 3832606 at *11 & n.2 (E.D.La. July 8, 2020). There considerations include "(1) an intervening change in the controlling law, (2) the availability of new evidence not previously

---

2 Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Proc. 54(b).

available, or (3) a manifest error in law or fact." *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at \*2 (E.D. La. June 28, 2016).

### IV. DISCUSSION

This Court's order denying SeaRiver's Motion for Leave to File a Third-Party Demand was an interlocutory order adjudicating fewer than all the claims or the rights and liabilities of the parties. *Melancon*, 659 F.2d at 553. Accordingly, the correct rule to apply to SeaRiver's motion for reconsideration is Rule 54(b). *Id.* at 551-52.

SeaRiver argues that "the present case is in a fundamentally different posture than what existed when SeaRiver originally sought leave to file its Third-Party Demand." R. Doc. 469 at 2. First, this Court set a new deadline, July 28, 2023, to file third-party demands. *Id.* Second, SeaRiver argues that there is no trial date currently set for this matter.[3] *Id.* Third, Avondale is now a defendant in this matter again as a result of the Fifth Circuit's decision in *Barrosse*, 70 at F.4th 315.

Avondale argues that the change in circumstances does not affect the untimeliness of its third-party demand. R. Doc. 475. Avondale argues that this Court denied SeaRiver's motion for leave because SeaRiver had been a part of the litigation for over two years and SeaRiver filed the motion a year after the original Scheduling Order October 29, 2021, deadline. *Id.* at 2.

While Avondale is correct that SeaRiver's initial petition for leave occurred two years after litigation commenced, circumstances in this matter have changed due to the Fifth Circuit's reversal in *Barrosse*. Though SeaRiver was out of compliance with this case's original scheduling order, this Court imposed a new deadline for filing third-party demands in response to the Fifth Circuit's decision. R. Doc. 463. SeaRiver complied with that deadline of July 28,

---

3 As mentioned in the Background section, a trial date of February 20, 2024 has since been set.

2023, when filing its reconsideration motion thereby rendering its motion timely. R. Doc. 469.

Avondale also notes that SeaRiver submitted its original petition when trial was less than four

months away. R. Doc. 423. Presently, however, trial is set to begin on February 20, 2024. R.

Doc. 480. Accordingly, parties now have over four months to prepare for trial.

Additionally, the Court finds that while the arbitration clause in the SeaRiver-Avondale

agreement governs contractual disputes, Avondale has waived its right to arbitrating such claims.

Avondale argues that it's claim for virile share credit is distinct from SeaRiver's contractual

indemnity claim. R. Doc. 495 at 5. Therefore, because SeaRiver's contractual indemnity claim is

yet to be formally a part of the litigation, Avondale argues it has not waived its right to

arbitration. *Id.* The Court is unpersuaded by this argument. The Court finds that Avondale's

claims for virile share credit and SeaRiver's contractual indemnity claims are interrelated. Thus,

by filing a cross-claim against SeaRiver at the outset, Avondale waived its right to arbitration.

*See Nicholas v. KBR, Inc.,* 565 F.3d 906, 907 (5th Cir. 2009) ("A party generally invokes the

judicial process by initially pursuing litigation of claims then reversing course and attempting to

arbitrate those claims."). The Court further notes that Avondale failed to invoke the arbitration

clause in both of its opposition memoranda to SeaRiver's original petition and motion for

reconsideration. R. Doc. 425; R. Doc. 475. Because Avondale is only now raising the arbitration

clause as an argument three years after litigation started, the Court finds that Avondale

substantially invoked the judicial process and waived its right to arbitration.

Further, Federal Rule of Civil Procedure 54 provides that district courts "possess[] the

inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause."

*Melancon*, 659 F.2d at 552. District courts may afford relief from interlocutory judgments and

consider many of the same factors for reconsideration of final judgments under Rule 59. *Austin*,

864 F.3d at 336-37. One factor is whether an "intervening change in the controlling law" occurred. *Henry,* 15-5971, 2016 WL3524107, at *2. In *Barrosse*, The Fifth Circuit found that LHWCA immunity was not proper which resulted in a reversal of Judge Vitter's decision thereby creating an "intervening change in the controlling law." R. Doc. 475 at 5. Accordingly, Avondale once again became a party in this matter. *Id.* Thus, granting SeaRiver's motion is in the interests of justice as SeaRiver also alleges that Avondale "circulated a proposed cross-claim against SeaRiver. . . on July 27, 2023." R. Doc. 469 at 2. Because district courts are given the "flexible" power to afford relief from interlocutory judgments and at a less stringent standard than that of motions for reconsideration of final judgments, SeaRiver's motion is granted. *Austin*, 864 F.3d at 336-37.

## V.   CONCLUSION

Accordingly, SeaRiver and Exxon's Reconsideration and/or Reurged Motion for Leave to File Cross-Claims and Third-Party Demand, R. Doc. 469, is **GRANTED**.


New Orleans, Louisiana, this 3rd day of October, 2023.



_____

United States District Judge