UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOTARD** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 20-1877** |
| **AVONDALE INDUSTRIES, INC. ET AL** | * | **SECTION L** |

## ORDER AND REASONS

Before the Court is a motion by Third-Party Defendants Hopeman Brothers, Inc. and Liberty Mutual Insurance Company, (collectively "Hopeman Interests") for Reconsideration of this Court's Order Granting SeaRiver Maritime Inc. and Exxon Mobil Corporation's (collectively, "SeaRiver") Motion for Leave to File a Third-Party Demand against the Hopeman Interests and/or in the alternative, a Motion to Dismiss SeaRiver's claims. R. Doc. 508. SeaRiver opposes the motion. R. Doc. 514. Hopeman Interests filed a reply. R. Doc. 519. Having considered the briefing and the applicable law, the Court rules as follows.

### I.   BACKGROUND

#### a.   Summary of the Case

This litigation arises from Decedent Paul Hotard's alleged exposure to injurious levels of asbestos and asbestos-containing products designed, manufactured, sold and/or supplied by several Defendant companies while employed by Avondale Industries, Inc, ("Avondale"). R. Doc. 1-2 at 2. Mr. Hotard worked at Avondale's shipyard from 1969–1970 as a tack welder. R. Doc. 166-2 at 1; R. Doc. 181-1 at 1. According to the complaint, during that time, he inhaled asbestos fibers while handling asbestos and asbestos-containing products at various work sites, causing him to develop diffuse malignant pleural mesothelioma. R. Doc. 1-2 at 3. Mr. Hotard allegedly was diagnosed with mesothelioma in or around April 2020. R. Doc. 166-2 at 2; R. Doc. 181-1 at 2. His alleged occupational exposure to asbestos-containing products at Avondale was a result of a failure

1

by the company and its executive officers "to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust." R. Doc. 166-2 at 5.

Decedent, a citizen of Kentucky, brought Louisiana state law negligence and strict liability tort claims against Avondale in Orleans Parish Civil District Court. R. Doc. 1-2. Mr. Hotard's state court petition also included claims against Lamorak Insurance Company ("Lamorak") and Certain Underwriters at Lloyd's, London and London Market Insurers (collectively, the "London Market Insurers") as liability insurers of Avondale's executive officers pursuant to the Louisiana Direct Action Statute. *Id.*

Avondale removed the case to this District on the basis of diversity jurisdiction. The matter was originally assigned to Chief Judge Brown. The Chief Judge held a scheduling conference on October 27, 2020, and issued a scheduling order that set trial for November 1, 2021, and a November 27, 2020 deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims. R. Doc 126 at 3. On May 5, 2021, Lamorak filed a motion to stay the case because Bedivere Insurance Company, which includes Lamorak by merger, was declared insolvent and placed into liquidation. R. Doc. 196-2 at 11. Chief Judge Brown granted the motion and stayed the case. On or about September 21, 2021, Paul Hotard, the decedent, died allegedly as a result of malignant mesothelioma. R. Doc. 233. His widow, Patricia Hotard, filed an amended complaint as the independent administratrix of decedent's estate. *Id.* The stay was lifted on October 1, 2021. The same day, Chief Judge Brown issued an amended scheduling order, setting trial for April 25, 2022 and extending the deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims to October 29, 2021. R. Doc. 241 at 2.

The Hopeman Interests entered a settlement with Plaintiffs on April 8, 2021. R. Doc. 191. Avondale and Lamorak filed a motion for summary judgment, in which the London Market

Insurers joined. On January 26, 2022, Chief Judge Brown granted the motion, holding that "the 'date of disease manifestation' theory of accrual governs Plaintiff's claim, rendering the post-1972 version of the [Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.*] applicable to this case. The Court also found that the LHWCA preempts Plaintiff's state law tort claims." R. Doc. 271 at 35. Accordingly, the Court dismissed with prejudice Plaintiff's state law tort claims against Avondale, Lamorak, and the London Market Insurers. *Id.* at 36.

On February 15, 2022, Chief Judge Brown recused herself. R. Doc. 304. The matter was reallotted to this Section on February 16, 2022. R. Docs. 304-06. On September 30, 2022, this Court held a status conference and reset trial to February 23, 2023. R. Doc. 421. The Court then issued a scheduling order, which included updated deadlines for pre-trial disclosures and motions but did not disturb the prior deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims. R. Doc. 422.

On January 6, 2023, trial dates for the matter were continued pending the Fifth Circuit's opinion in *Barrosse v. Huntington Ingalls, Inc.*, 70 F.4th 315 (5th Cir. 2023), which was decided on June 12, 2023. Accordingly, the Court issued an order that Defendants file or amend any third-party complaint by July 28, 2023. R. Doc. 463. A month later, the Court issued a scheduling order, which included a new trial date, and reset trial to February 20, 2024. R. Doc. 480.

On July 28, 2023, SeaRiver filed a Motion for Reconsideration on its earlier Motion for Leave to file a Third-Party demand pursuant to the *Barrosse* opinion. R. Doc. 469. While Avondale opposed that motion, Hopeman Interests did not as they were not parties to the suit. On October 3, 2023, the Court granted SeaRiver's motion. Accordingly, SeaRiver filed a third-party complaint against Hopeman Interests and Avondale. On November 7, 2023, Hopeman Interests filed the instant motion. R. Doc. 508.

## II. PRESENT MOTION

In their Motion, R. Doc. 508, Hopeman Interests moves this Court to reconsider its ruling on SeaRiver's previous reconsideration motion or in the alternative, grant their 12(b)(6) motion. Hopeman Interests raise two main arguments for support. First, they argue that SeaRiver's motion was untimely, but that they were not able to raise this argument earlier because they were not served until after this Court granted that motion. R. Doc. 508-1 at 7. They aver that the SeaRiver's motion was untimely because it was filed three years after the deadline which SeaRiver was required to bring this claim and that SeaRiver "has no reasonable explanation" for the delay. *Id.* Second, Hopeman Interests argues that they do not owe any indemnity to SeaRiver because Plaintiffs and Hopeman Interests have already reached a resolution. *Id.* at 9. Accordingly, Hopeman Interests avers that any potential claim that SeaRiver may have against them is barred by its resolution with the Plaintiffs. *Id.* at 11-13.

In opposition, SeaRiver first argues that Hopeman Interests' motion for reconsideration is procedurally improper because it is neither an answer to SeaRiver's third-party complaint nor is it a 12(b)(6) motion. R. Doc. 513 at 2. Next, they argue that their third-party complaint is not untimely because it was filed within the timeframe set forth by this Court's amended scheduling orders. *Id.* at 3. They further argue that Hopeman Interests' 12(b)(6) motion misunderstands the law because SeaRiver seeks defense and indemnity, which is not affected by Hopeman Interests' settlement with the plaintiffs. *Id.* at 4-16. SeaRiver avers that their cause of action is based in contract rather tort. *Id.* Accordingly, they pray that this Court deny the motions. *Id.* at 17.

In reply, Hopeman Interests reiterates its earlier arguments and avers that SeaRiver's original reconsideration motion only made arguments that were specific to Avondale and not Hopeman Interests. Accordingly, they move this Court to reinstate its earlier Order, R. Doc. 431,

with regard to Hopeman Interests.

### III.  APPLICABLE LAW

- **Motion for Reconsideration**

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to challenge a judgment or order under Rule 54(b), 59(e), or 60(b). *Holmes v. Reddoch*, 19-12749, 2022 WL 16712872 at *2 (E.D. La. Nov. 4, 2022). While Rules 59 and 60 apply to final judgments only, "if a party seeks reconsideration of an order that adjudicates fewer than all the claims among all the parties prior to entry of final judgment, then Rule 54(b) controls."[1] *Id.* Rule 54 provides that district courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, 659 F.2d 551, 552 (5th Cir. 1981). Additionally, the Fifth Circuit has held that "[o]rders granting or denying motions to add new parties to a pending suit are interlocutory." *Id.* at 553. Under such a standard, district courts can be "more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017). Though this standard is lower than the threshold used for reconsideration of judgments under Rule 59, courts still "look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Records, Inc.*, 19-12130, 2020 WL 3832606 at *11 & n.2 (E.D. La. July 8, 2020). There considerations include "(1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at

---

[1] Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

5

*2 (E.D. La. June 28, 2016).

- **12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions *.*" *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

IV. **DISCUSSION**

This Court's order granting SeaRiver's Motion for Reconsideration was an interlocutory order adjudicating fewer than all the claims or the rights and liabilities of the parties. *Melancon*, 659 F.2d at 553. Accordingly, the correct rule to apply to Hopeman Interests's present Motion for Reconsideration is Rule 54(b). *Id.* at 551-52.

This Court has extensively discussed the timeliness of SeaRiver's Motion for Reconsideration. R. Doc. 496. While the Court acknowledges that granting SeaRiver's earlier motion is not the desired outcome Hopeman Interests wanted, SeaRiver abided by this Court's

amended Scheduling Order to file third-party complaints. Since granting SeaRiver's motion, there have been no intervening changes in the controlling law, no new evidence produced that was not previously available, or manifest errors in law or fact. *Henry*, 2016 WL3524107, at *2. Absent any of these developments, the Court finds no basis to disturb its earlier order. Thus, the Court denies Hopeman Interests' Motion for Reconsideration.

Pursuant to Fed. R. Civ. P. 12(b)(6), Hopeman Interests also moves this Court to Dismiss SeaRiver's Third Party Complaint for Failure to State a Claim. R. Doc. 508. In its complaint, SeaRiver argues that Hopeman contractually bound itself to defend and indemnify SeaRiver. As a basis for its claim, SeaRiver cites a provision in Article IV(1) of Appendix XIII of the Avondale-Hopeman Purchase Order which states:

IV

1. Vendor shall protect, defend, indemnify and save ASI and Humble Oil and Refining Company harmless against any and all claims, demands, and causes of actions of every kind and character arising in favor of any person on account of personal injury, death or damages to property occurring, growing out of incident to or resulting directly or indirectly from the performance by the Vendor hereunder, and to pay all judgments rendered against ASI and/or Humble Oil and Refining Company in connection therewith.[2]

R. Doc. 497-2 at 2. Humble Oil and Refining Company is SeaRiver's predecessor-in-interest. R. Doc. 497 at 7. Hopeman Interests argues that its previous resolution with plaintiffs bars SeaRiver's claims against them. R. Doc. 508. They further argue that plaintiffs' claims against SeaRiver do not arise out of "performance by the Vendor" because unlike Hopeman Interests, plaintiffs' claims against SeaRiver are derived from their liability as employer and premises owner.[3] *Id.*; R. Doc. 519. Accordingly, they aver that there is no basis for SeaRiver's claim. The Court disagrees.

---

[2] Hopeman is the "Vendor" for the purposes of this agreement. R. Doc. 497 at 7.
[3] Plaintiffs' claims against Hopeman Interests are derived from their role as manufacturer/professional vendors. R. Doc. 233.

When read in its entirety, relevant parts of the Avondale-Hopeman agreement state that "Vendor [Hopeman] shall protect, defend, indemnify and save ASI and Humble Oil and Refining Company harmless against any and all claims. . . growing out of incident to or **resulting directly or indirectly** from the performance by the Vendor [Hopeman]." R. Doc. 497-2 at 2 (emphasis added). According to this provision, SeaRiver's indemnity and defense claim against Hopeman Interests can arise either directly or indirectly from Hopeman's actions. Accepting the allegations in the third-party complaint as true and construing them in SeaRiver's favor, SeaRiver has thus stated "a claim for relief that is plausible on its face" because they seek contractual indemnity and defense from Hopeman Interests derived from the Avondale-Hopeman agreement. *Iqbal*, 556 U.S. at 678. Though Hopeman Interests have previously settled with the plaintiffs, the resolution of Plaintiffs tort claims against Hopeman have no bearing on SeaRiver's contractual claims against Hopeman Interests. Further, at this stage of litigation, it is improper for the Court to comment on whether Plaintiffs' claims against SeaRiver grow out of actions wholly independent of Hopeman Interests or if they result directly or indirectly of Hopeman Interests. Accordingly, the Court denies Hopeman Interests' 12(b)(6) Motion for Failure to State a Claim.

## V.  CONCLUSION

In sum, Third-Party Defendants Hopeman Brothers Inc. and Libery Mutual Insurance Company's Motion for Reconsideration, and/or in the alternative, Motion to Dismiss for Failure to State a Claim, R. Doc. 508, is **DENIED**.

New Orleans, Louisiana, this 28th day of November, 2023.

_____
United States District Judge