UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL HOTARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1877** |
| **AVONDALE INDUSTRIES, INC. ET AL** | **SECTION "L" (1)** |

### ORDER AND REASONS

Before the Court are three motions. Huntington Ingalls Incorporated ("Avondale") filed a Motion for Partial Summary Judgment. R. Doc. 535. Hopeman Brothers, Inc. and Liberty Mutual Insurance Company (collectively "Hopeman Interests") filed a Motion for Partial Summary Judgment. R. Doc. 551. Lastly, Exxon Mobil Corporation and SeaRiver Maritime, Inc. (collectively "SeaRiver") filed a Cross-Motion for Partial Summary Judgment. R. Doc. 561. The parties have also filed various replies and oppositions to the foregoing motions. R. Docs. 563, 565, 575, 582, 584, 595. On March 27, 2024, the Court held oral argument on the motions. Considering the briefing, applicable law, and oral argument, the Court now rules as follows.

I.  **BACKGROUND**

The Court is familiar with the extensive factual history of this case and will not repeat it here. *See* R. Doc. 520 for a full history. For this motion, the relevant background is as follows.

This litigation arises from Decedent Paul Hotard's alleged exposure to injurious levels of asbestos and asbestos-containing products designed, manufactured, sold and/or supplied by several Defendant companies while employed by Avondale in the mid-1960s. R. Doc. 1-2 at 2. Mr. Hotard allegedly was diagnosed with mesothelioma on or around April 2020. R. Doc. 166-2 at 2; R. Doc. 181-1 at 2. His alleged occupational exposure to asbestos-containing products at Avondale was a

1

result of a failure by the company and its executive officers "to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust." R. Doc. 166-2 at 5. Decedent, a citizen of Kentucky, brought Louisiana state law negligence and strict liability tort claims against the defendants in Orleans Parish Civil District Court. R. Doc. 1-2.

Avondale removed the case to this court on the basis of diversity jurisdiction. The matter was originally assigned to Chief Judge Brown. On or about September 21, 2021, Paul Hotard, the decedent, died allegedly because of malignant mesothelioma. R. Doc. 233. His widow, Patricia Hotard, filed an amended complaint as the independent administratrix of decedent's estate. *Id.*

On April 8, 2021, Hopeman Interests entered a settlement with Plaintiff. R. Doc. 191. On January 26, 2022, Chief Judge Brown granted Avondale's motion for summary judgment, holding that "the 'date of disease manifestation' theory of accrual governs Plaintiff's claim, rendering the post-1972 version of the [Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.*] applicable to this case. The Court also found that the LHWCA preempts Plaintiff's state law tort claims." R. Doc. 271 at 35. Accordingly, the Court dismissed with prejudice Plaintiff's state law tort claims against Avondale. *Id.* at 36. On February 15, 2022, Chief Judge Brown recused herself and the matter was reallotted to this Section. R. Docs. 304-06.

On January 6, 2023, trial dates for the matter were continued pending the Fifth Circuit's opinion in *Barrosse v. Huntington Ingalls, Inc.*, 70 F.4th 315 (5th Cir. 2023), which was decided on June 12, 2023.[1] The Court then issued an order that defendants file or amend any third-party

---

[1] On November 22, 2021, Judge Vitter held—in a similar line of cases—that state-law negligence claims against Avondale were preempted by the LHWCA "because they directly conflicted with and frustrated the purposes of the Act." *Id.* at 317. Thus, the Court granted Avondale's motion for summary judgment in favor of Avondale. *Barrosse v. Huntington Ingalls, Inc.*, 20-2042, 2021 WL 5447447 at *3 (E.D. La. Nov. 22, 2021). The plaintiff, Ronald Barrosse, who was diagnosed with mesothelioma, appealed this decision. On June 12, 2023, the Fifth Circuit reversed the district court's decision and held that the plaintiff's claims were not preempted by the LHWCA because his injury occurred prior to the Louisiana's 1975 worker's compensation statute thereby creating a "twilight zone of concurrent jurisdiction." *Barrosse*, 70 F.4th at 324. Accordingly, and similar to the case at hand, Avondale once again became a defendant in the case.

complaint by July 28, 2023. R. Doc. 463. A month later, the Court issued a scheduling order, which included a new trial date, and reset trial to February 20, 2024. R. Doc. 480.

Though the Court had previously denied SeaRiver's Motion for Leave to File a Third-Party Demand because of its untimely nature, SeaRiver filed a Motion for Reconsideration of the Court's decision on July 28, 2023. Because the Court had reset deadlines to file third-party complaints and trial dates, the Court granted the reconsideration motion. R. Docs. 469; 496. Accordingly, SeaRiver filed a third-party complaint against Avondale and Hopeman Interests, bringing the latter back into the suit.

At a telephone status conference held on December 4, 2023, Mrs. Hotard indicated to the Court that she had reached a resolution with all parties—leaving only contractual and indemnity claims between the defendants to be resolved. R. Doc. 528. At a late January 2024 telephone conference, the Court granted the Hopeman Interests' motion and reset trial dates to August 12, 2024. R. Doc. 546. Presently before the Court are three motions for partial summary judgment, which focus on SeaRiver's indemnity claims against Avondale and Hopeman Interests. On March 28, 2024, the Court heard oral argument on the motions.

II.     **PRESENT MOTIONS**

   a.  **Avondale's Motion for Partial Summary Judgment**

In its motion for partial summary judgment, Avondale argues that it is entitled to dismissal of SeaRiver's defense and indemnity claims that are based upon SeaRiver's own negligence. R. Doc. 535. SeaRiver's predecessor-in-interest, Humble Oil & Refining Company, and Avondale entered into a contract to build oil tankers on Avondale's shipyard. This contract, known as the SeaRiver-Avondale Contract, governs SeaRiver's indemnity claims against Avondale. Under

Louisiana law, Avondale explains that the applicable legal standard for contractual indemnity claims depends on whether it is based upon negligence or strict liability. Presently, Avondale seeks a ruling from the Court focusing on SeaRiver's indemnity claims arising out of SeaRiver's own negligence. It argues that indemnity contracts only cover the indemnitee's own negligence when that intention is expressly and unequivocally stated in the contract. The relevant indemnity provision in the SeaRiver-Avondale Contract can be found in Article VII(3) and provides:

> 3. [Avondale] shall indemnify [Humble Oil] against and hold it harmless from all claims and damages arising from injuries to any person or persons (except employees of [Humble Oil], unless said employees are injured through carelessness or negligence of [Avondale]) or from damages to property in or about or connected with the fabrication, erection, construction, launching, equipment, and operation of the Vessel until delivery of the Vessel to [Humble Oil].

R. Doc. 535-2 at 25-26.

Avondale argues that the language used in this provision does not expressly and unequivocally state that Avondale is to indemnify SeaRiver for injuries arising out of SeaRiver's own negligence. It further distinguishes this provision from those that Louisiana courts have previously held expressly state that an indemnitor is obligated to an indemnitee even in instances arising from the indemnitee's own negligence. Thus, Avondale requests that the Court dismiss SeaRiver's indemnity and defense claims against it arising out of SeaRiver's own negligence.

Instead of submitting a substantive opposition, SeaRiver directs the Court to consider the arguments it raises in its cross motion for partial summary judgment. R. Doc. 563. While those are detailed in a separate section below, the Court briefly discusses the contentions that serve as opposition to Avondale's motion. For example, SeaRiver argues that the indemnity provision obligates Avondale to indemnify it for Plaintiff's strict liability claims against SeaRiver. It further argues that it is entitled to recover 100% of its defense and settlement costs based on this

4

obligation. Thus, it argues that the Court need not address the issues in Avondale's motion because SeaRiver can fully recover from Avondale through indemnity for the strict liability claims.

In reply, Avondale first argues that SeaRiver has not contested any material facts as asserted by Avondale and thus, SeaRiver concedes the SeaRiver-Avondale contract does not obligate Avondale to indemnify SeaRiver for SeaRiver's own negligence. R. Doc. 582 at 1-3. Avondale next argues that SeaRiver's contentions regarding 100% apportionment of settlement costs pursuant to SeaRiver's indemnity claim for strict liability is defies logic and would lead to absurd consequences. *Id.* at 3. Avondale further argues that SeaRiver is not entitled to indemnity or defense costs for its vicarious liability from Avondale. *Id.* at 7.

### b. Hopeman Interests' Motion for Partial Summary Judgment

For similar reasons that Avondale articulates, Hopeman Interests asks the Court to dismiss SeaRiver's indemnity claims against them that arise out of actions "wholly independent" of Hopeman Interests. R. Doc. 551. Here, SeaRiver's claims for indemnity against Hopeman Interests stem from the Hopeman-Avondale contract, which was created to complete joiner work needed for the tankers. The relevant indemnity provision provides that:

> Vendor [Hopeman] shall protect, defend, indemnity and save ASI[2] and Humble Oil and Refining Company harmless against any and all claims, demands, and causes of actions of every kind and character arising in favor of any person on account of personal injury, death or damages to property occurring, growing out of incident to or resulting directly or indirectly from the performance by the Vendor hereunder, and to pay all judgments rendered against ASI and/or Humble Oil and Refining Company in connection therewith.

R. Doc. 497-2 at 5.

Like Avondale, Hopeman Interests argues that the provision lacks clear and unambiguous language for them to indemnify SeaRiver for claims arising out of SeaRiver's own negligence.

---

[2] ASI refers to Avondale Shipyards Inc.

Hopeman Interests further cites this Court's earlier order which cabined SeaRiver's indemnity claims against them to strictly those arising directly or indirectly from Hopeman Interests' actions. Accordingly, they move the Court to dismiss any indemnity or defense claim from SeaRiver that are independent of Hopeman Interests' own actions.

Once again, in opposition, SeaRiver directs the Court to consider the arguments it raises in its cross motion for summary judgment, which are discussed below. R. Doc. 565.

In reply, Hopeman Interests argues that SeaRiver failed to contest any material facts submitted by Hopeman Interests. R. Doc. 575. They reject SeaRiver's contentions about the allocation of fault regarding its potential indemnity claims against Hopeman Interests. Lastly, they briefly reiterate arguments raised in their motion for partial summary judgment.

c. **SeaRiver's Cross Motion for Partial Summary Judgment**

As discussed, SeaRiver did not submit a substantive opposition to Avondale or Hopeman Interests' motions but instead filed a cross motion for summary judgment. R. Docs. 561, 563, 565. SeaRiver argues that the indemnity provisions in the respective contracts obligate Avondale and Hopeman Interests to indemnify it for Plaintiff's strict liability claims against SeaRiver. It further argues that it is entitled to recover 100% of its defense and settlement costs based on this obligation. Thus, it argues that the Court need not address the issues raised in the other motions because SeaRiver can fully recover from Avondale and Hopeman Interests under the strict liability claims asserted against it. Should the Court be unconvinced of this argument, it avers that Avondale and Hopeman Interests' motions should be denied to the extent that SeaRiver is entitled to indemnity for any vicarious liability for Avondale and/or Hopeman Interests' negligence. SeaRiver explains that courts use two different standards to determine whether an indemnity claim can be enforced: actual or potential liability. SeaRiver argues that for its indemnity claim to be

6

enforced, it only has the burden of proving that it was potentially liable to Plaintiff to recover from Avondale and Hopeman Interests because the indemnity provision is based on a written contract. Further, it argues that it meets that burden.

Both Hopeman Interests and Avondale filed oppositions. In their opposition, Hopeman Interests stresses the untimely nature of SeaRiver's third party demand against them and argues they should not have to indemnify SeaRiver for claims unrelated to their own actions. R. Doc. 587. They further argue that SeaRiver is not entitled to any indemnity from them because no settlement funds have been paid and there has been no judicial determination of fault. They aver that SeaRiver must demonstrate actual liability to Plaintiff before SeaRiver seeks indemnity from them and that the standard is only lowered to potential liability in one other circumstance, which is inapplicable here. Accordingly, they argue that SeaRiver fails to meet this burden. They further argue that the terms of the Hopeman-Avondale contract do not allow for reimbursement of attorneys fees. Lastly, they argue that SeaRiver's claim for indemnity against Hopeman Interests through vicarious liability is unfounded because Plaintiff did not articulate a vicarious liability claim against SeaRiver or Hopeman Interests.

In Avondale's opposition, it argues that it may have a strict liability indemnity obligation to SeaRiver—pending satisfaction of their burden of proof—but no obligation exists for SeaRiver's own negligence. R. Doc. 584. Avondale further argues that its potential obligation does not include defense costs or attorneys fees and is limited to the amount of SeaRiver's settlement with Plaintiffs that is attributable to the strict liability claims. Regarding the standard that SeaRiver must meet to have a successful indemnity claim, Avondale agrees with SeaRiver that its actions should be evaluated under a potential liability standard. However, Avondale argues that SeaRiver fails to meet that burden and its motion is nonetheless premature at this time because SeaRiver

provides no evidence that its settlement with Plaintiff was reasonable and/or untainted by collusion. Lastly, Avondale argues that it has no duty to indemnify SeaRiver for vicarious liability.

In reply, SeaRiver argues that its motion is not premature and that it has provided enough evidence to support its burden of proof. R. Doc. 595. It reiterates that the standard to evaluate its indemnity claim is potential liability to Plaintiff and that it is entitled to indemnity for strict liability and the defense costs associated with it. Intriguingly, SeaRiver concedes that it has not met the "reasonableness of the settlement" prong of its indemnity claim. Yet, it still argues that it is entitled to summary judgment.

### III. LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute. *See* Fed. R. Civ. P. 56(c*); Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

### IV. ANALYSIS

The questions raised in the motions for partial summary judgment can be boiled down to two discrete issues. First, whether Avondale and/or Hopeman Interests are obligated to indemnify SeaRiver for actions arising out of SeaRiver's own negligence. Second, whether SeaRiver is

entitled to indemnity from Avondale and/or Hopeman Interests for Plaintiff's strict liability claims against it.

### 1. Whether Avondale and/or Hopeman Interests Are Obligated to Indemnify SeaRiver for Actions Arising Out of SeaRiver's Own Negligence.

The parties do not dispute that Louisiana law governs the instant matter. Under Louisiana law, the applicable standard for a contractual indemnity claim depends on whether it is based on negligence or strict liability. Courts use the rule articulated in *Polozola v. Garlock, Inc.* to evaluate such claims rooted in negligence. 343 So. 2d 1000 (La. 1977). The *Polozola* rule provides that contracts "whereby the indemnitee is indemnified against the consequences of his own negligence [are] strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent act, unless such an intention was expressed in unequivocal terms." *Id.* at 1003. Other sections of this court and the Fifth Circuit recognize that indemnity provisions requiring indemnity for an indemnitee's own negligence need to be clearly and unequivocally expressed. *Seal Offshore, Inc. v. Am. Standard, Inc.*, 736 F.2d 1078, 1081 (5th Cir. 1984) ("Long-established general principles of interpreting indemnity agreements require that indemnification for an indemnitee's own negligence be clearly and unequivocally expressed."); *see also Donahue v. Republic Nat'l Distrib. Co., LLC*, 439 F. Supp. 3d 455, 469 (E.D. La. 2020) ("In the absence of an express and unequivocal statement that a party is to be indemnified for that party's own negligence, the contract of indemnification will not be construed to create such an obligation.") (internal quotation omitted).

There are many instances where courts have found the party is to indemnify the indemnitee for the indemnitee's own negligence; however, that is not the case here. For example in *Polozola*, the Louisiana Supreme Court held that contractor was to indemnify the indemnitee, Dow, because the relevant provision stated "[c]ontractor assumes the entire responsibility and liability and will

9

protect, indemnify and hold harmless Dow . . . from and against [a]ny and all losses, expenses, demands and claims made against Dow. . . whether caused by Dow's negligence or otherwise. . ." 343 So. 2d at 1002; *see also Miller v. La. Gas Services Co.*, No. 95-874 (La. App. 5th Cir. 6/25/96), 680 So. 2d 52, reh'g denied (10/17/96) (holding that an indemnitor was responsible for an indemnitee's own negligence because the contractual provision provided for indemnity "even if caused by or resulting from the acts or omissions of officers, employees or agents of [indemnitee]"). Unlike those provisions, the Court here finds that the provisions found in the SeaRiver-Avondale and Hopeman-Avondale contracts are silent on liability in the event of SeaRiver's own negligence. R. Doc. 535-2 at 22-23; R. Doc. 497-2 at 5. The Fifth Circuit further holds that "[a]n indemnification of 'any and all claims' will not include the negligence of the indemnitee." *Seal Offshore, Inc.*, 736 F.2d at 1081. Thus, the Court can quickly dispose of the argument that SeaRiver is owed indemnity because the SeaRiver-Avondale contract states that Avondale shall indemnify SeaRiver from "all claims and damages arising from injuries to any person. . ." or that the Hopeman-Avondale Contract provides that Hopeman shall indemnify SeaRiver "against any and all claims." Because the indemnity provisions lack any language to suggest SeaRiver is to be indemnified for its own negligent conduct, the Court is hesitant to find such an obligation exists.

      Moreover, SeaRiver offers no opposition to the standard that courts use to evaluate such provisions but instead argues that Avondale and Hopeman Interests' motions should be denied because it is entitled to indemnification for any vicarious liability it may have for the acts of Hopeman Interests and Avondale. This argument is unpersuasive because any vicarious liability that SeaRiver may be responsible for Plaintiffs is due to the consequences of its own actions—not Hopeman Interests' or Avondale's.

10

This Court has previously addressed whether Plaintiff has a valid negligence claim—whether through vicarious or direct liability—against SeaRiver.[3] R. Doc. 420. Of relevance, this Court explained that SeaRiver may be vicariously liable if SeaRiver (1) had operational control over Avondale or Hopeman Interests or (2) authorized unsafe work practices by Avondale or Hopeman Interests that caused the decedent's workplace exposure to asbestos and resultant mesothelioma. This Court held that while SeaRiver did not have operational control over Avondale, factual questions still remain as to whether SeaRiver expressly or implicitly authorized unsafe work practices. *Id.* at 11, 15. Accordingly, if SeaRiver is found to be vicariously liable to the Plaintiffs, it will be because "the evidence suggests that [SeaRiver] nevertheless mandated asbestos-containing materials to be used" without warning Avondale or any other subcontractor involved with building the tankers, including Hopeman Interests. *Id.* at 15. Since the Court has already found that SeaRiver cannot be vicariously liable for Avondale or Hopeman's actions, any negligence claim that Plaintiff has against SeaRiver cannot be rooted in that theory. It follows that it is unreasonable for this Court to find that Avondale or Hopeman Interests would be liable to SeaRiver for a claim that is not even being alleged against SeaRiver.

Because the provisions in both contracts do not clearly and unequivocally express that SeaRiver is to be indemnified for its own negligence and there is no vicarious liability claim against SeaRiver that is derivative of Avondale or Hopeman Interests' actions, the Court holds that Avondale and Hopeman Interests are not obligated to indemnify SeaRiver for SeaRiver's own negligent actions.

### 2. Whether SeaRiver Is Entitled to Indemnity From Avondale and/or Hopeman Interests for Plaintiff's Strict Liability Claims Against It

---

3 The Court issued that order in response to SeaRiver's motion for summary judgment in which SeaRiver sought dismissal of all of Plaintiff's claims against it. R. Doc. 420.

In its cross-motion for partial summary judgment, SeaRiver first argues that it is entitled to indemnity for the strict liability claims that Plaintiff has asserted against it. R. Doc. 561. To recover on this claim, SeaRiver argues that it need only show potential liability—instead of actual liability—to Plaintiff for her strict liability claim. In response, Avondale concedes that it may have to indemnify SeaRiver for the strict liability claim and that SeaRiver need only prove that it is potentially liable to succeed on that claim. However, it avers that SeaRiver fails to meet that burden at this time. Hopeman Interests, on the other hand, argues that SeaRiver needs to demonstrate actual liability to recover indemnity for this claim and that it fails to do so.

Long established law in this Circuit holds that when a party's indemnity claim is based on a written provision in a contract, then that party need only show potential liability. In *Terra Resources, Inc. v. Lake Charles Dredging & Towing Inc.*, the Fifth Circuit notes the adoption of the Sixth Circuit rule that "[d]efendants need only show potential (rather than actual liability) to recover indemnity where either (1) defendants tender the defense of the action to the indemnitor, (2) the claim for indemnity is founded upon a judgment, or (3) the defendant's claim is based on a written contract of. . . indemnification." 695 F.2d 828, 832 (5th Cir. 1983). Though Hopeman Interests directs the Court to consider this case, it fails to consider, or even mention, the third exception to the actual liability rule. Because SeaRiver's alleged indemnity recovery is based upon contractual provisions in the SeaRiver-Avondale contract and Hopeman-Avondale contract, the Court finds that the instant matter fits within the third exception to the rule. Thus, SeaRiver need only show potential liability to Plaintiff to recover indemnity for such claims.

To demonstrate potential liability, SeaRiver must establish four elements: "that the claim was not frivolous, that the settlement was reasonable, that it was untainted by fraud or collusion, and that the indemnitee settled under a reasonable apprehension of liability." *Chevron Oronite Co.,*

12

*L.L.C. v. Jacobs Field Servs. N. Am., Inc.*, 951 F.3d 219, 227 (5th Cir. 2020) (quoting *Fontenot v. Mesa Petrol. Co.*, 791 F.2d 1207, 1218 (5th Cir. 1986)). Here, Avondale concedes two of the elements: Plaintiff's claim against SeaRiver was non-frivolous and those two parties settled under a reasonable apprehension of liability.[4] However, Avondale argues that the motion should be denied because SeaRiver fails to present evidence that the settlement was untainted by fraud and/or collusion or that settlement was reasonable. Accordingly, Avondale avers that any ruling by the Court on the matter at this time would be premature. The Court agrees.

Regarding the reasonability of the settlement between SeaRiver and Plaintiff, SeaRiver states that it "did not address this element because SeaRiver concedes that discovery on this point remains to be conducted if this Court—as SeaRiver's cross-motion urges—finds that indemnity is due to SeaRiver." This statement perplexes the Court for it to find that indemnity is owed to SeaRiver, then it must find that all elements of the potential liability standard are met. However, SeaRiver requests that this Court grant it summary judgment and find that it was "entitled to indemnity" without providing any evidence to establish the last element. The Court will not do so. Because SeaRiver fails to provide sufficient evidence on the reasonability of its settlement with Plaintiff, the Court need not discuss the fraud element of the potential liability test.

Accordingly, the Court finds that at this time SeaRiver does not successfully demonstrate that it is entitled to indemnity from either party pursuant to its strict liability claim. Because this issue is not ripe for the Court's consideration at this time, the Court declines to comment on whether SeaRiver is entitled to recover any—let alone all—of its defense and settlement costs from Avondale and Hopeman Interests pursuant to that claim.

---

4 Because Hopeman Interests analyzed SeaRiver's actions under the incorrect standard, the Court declines to further comment on their assertions.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Avondale's Motion for Partial Summary Judgment, R. Doc. 535, is **GRANTED**. **IT IS FURTHER ORDERED** that and Hopeman Interests' Motion for Partial Summary Judgment, R. Doc. 551, is **GRANTED**, in part, and **DENIED**, in part. The Court finds that Hopeman Interests is not obligated to indemnify SeaRiver for actions arising out of SeaRiver's own negligence. However, the Court will not issue a ruling regarding SeaRiver's indemnity for claims "that grow out of actions wholly independent" of Hopeman Interests which extend past SeaRiver's own negligence because such actions are not clearly defined.

**IT IS FURTHER ORDERED** that SeaRiver's Cross-Motion for Partial Summary Judgment, R. Doc. 561, is **DENIED**. The parties reserve the right to re-urge any argument they have regarding the indemnity claims derivative of strict liability.

New Orleans, Louisiana, this 3rd day of April, 2024.

_____
United States District Judge